### PALMOUR, for use, *vs.* PALMOUR.

The plea of *res adjudicata* controlled this case.

(*a.*) Where an action was brought on an indorsement of a judgment, which stipulated that the indorser was to be liable if the defendant in the judgment proved insolvent, and on the trial (the general issue, the statute of limitations and a denial of insolvency on the part of the debtors having been pleaded), a general verdict was rendered for the defendant in such action, in a subsequent suit on such indorsement, a plea of *res adjudicata* was good, and must necessarily prevail.

September 12, 1882.

*Res Adjudicata.* Judgments. Before Judge BROWN. Dawson Superior Court. March Term, 1882.

S. B. Palmour, for the use of Moss, brought complaint against John Palmour. A note for $1,050 00, dated February 1, 1861, due one month after date, by S. M. Ralston & Company to John Palmour, was by the latter placed in the hands of an attorney for collection, and his receipt given therefor. On this receipt was the following indorsement :

" I hereby sell and transfer the within note and the judgment and *fi. fa.* predicated thereon, sued in Gilmer superior court, to be personally liable to S. B. Palmour if the defendants prove insolvent. I am also to pay the attorneys' fees. This 12th day of October, 1862.

(Signed)                          JOHN PALMOUR."

" I sign the within receipt to Reuben Moss for value received of him, December 12, 1862.

(Signed)                          SILAS B. PALMOUR."

The declaration alleged that the makers of the note were insolvent and the amount due. Defendant pleaded the general issues, the statute of limitations, negligence

of plaintiff in failing to collect from the debtors, and former recovery. It is only necessary to set out the evidence in support of the last plea. It appeared that suit had been brought by the same plaintiff against the same defendant on the same indorsement in 1872. The defendant then pleaded the general issue, the statute of limitations and a denial of insolvency of the debtors. The jury in that case found a general verdict for defendant. Plaintiff moved for a new trial, and on its refusal, carried the case to the Supreme Court, where the judgment was affirmed. See 53 *Ga.*, 381.

On the trial of the present case, plaintiff insisted that since the former case it had been impossible to collect from the debtor. The jury found for plaintiff $500.00 principal. Defendant moved for a new trial; it was granted, and plaintiff excepted.

WIER BOYD; H. H. PERRY, for plaintiff in error.

BELL & BELL; M. L. SMITH, for defendant.

JACKSON, Chief Justice.

On the facts disclosed in the record, we are of the opinion that the plea of *res adjudicata* should, and did, control the case; and it is, therefore, useless to decide other points, or send the case back for a rehearing.

Judgment affirmed.